# EXHIBIT A

Maria Vargas

vs.

Synchrony Bank et. al.

ELECTRONICALLY FILED
2017 Sep 13 AM 10:18
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004071
Division: 11

**SUMMONS**

To the above-named Defendant/Respondent:

**Trans Union LLC**
**RA: THE PRENTICE-HALL CORPORATION**
**2900 SW WANAMAKER DRIVE SUITE**
**Topeka, KS 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 10/16/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 09/13/2017 10:49:21 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Sep 13 AM 10:18
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004071

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| MARIA VARGAS, | |
| Plaintiff, | Case Number:  2017-LM-004071 |
| vs. | Division: 11 |
| SYNCHRONY BANK, TRANS UNION, LLC AND EXPERIAN INFORMATION SOLUTIONS INC., | |
| Defendants. | |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2.      Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

4.      Plaintiff is a resident of Kansas.

5.      Defendant Synchrony Bank is a National Bank.

1

4.

6.      At all times relevant hereto, Defendant Synchrony Bank was and is engaged in the business of issuing consumer credit cards, all within Kansas.

7.      Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

8.      At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

9.      Defendant Experian Information Solutions Inc. is a Delaware corporation.

10.     At all times relevant hereto, Defendant Experian was and is engaged in the business of credit reporting, all within Kansas.

11.     In June 2016, Plaintiff was alerted that someone was using her identity to make purchases on various credit cards.

12.     On June 15, 2016, Plaintiff called and placed a 90-day Fraud Alert with Trans Union, Experian, and Equifax.

13.     On June 24, 2016, Plaintiff filed a police report with the Overland Park Police Department.

14.     On June 15-16, large amounts of unauthorized charges were made on Plaintiff's SYNB/American Eagle credit card in the amount of $3726.99.

15.     In November 2016, Plaintiff sent a dispute to Defendants Trans Union and Experian contesting names, addresses, and charges on her report.

16.     After the dispute was lodged, Defendant Synchrony Bank was still reporting a high credit balance of $3726.00.

17.     This high credit balance consisted on charges that were not authorized by Plaintiff.

2

18.     The SYNCB/American Eagle credit card had a credit limit of $4200.00.

19.     Plaintiff's credit reports from Defendant Trans Union and Experian showed that she had used 89% of her lending capacity.

20.     Plaintiff is concerned about that misinformation in that this information is valuable for her scorning analysis, tells the credit reporting agency or subscriber exactly how much of the credit is being utilized and how it is being repaid, states whether the Plaintiff is essentially parking high interest loans or is a credit revolver; and misinforms to the subscriber whether you she can safely up the credit limits.

21.     In May 2017, Plaintiff again disputed this false high balance to the Defendants Experian and Trans Union and it was not corrected.

22.     The high credit balance is derogatory and incorrect.

23.     Defendants have been reporting and reinserting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

24.     Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiff's credit worthiness:

25.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and s credit worthiness.

3

## Count I – Violations of the Fair Credit Reporting Act – Defendants Experian and Trans Union

Comes now Plaintiff and for Count I against the Defendants Experian and Trans Union states and alleges to the Court as follows:

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

28.     At all times pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

29.     At all times pertinent hereto, the Plaintiff Maria Vargas is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

30.     At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general

4

reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

31.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Experian and Trans Union are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

32.    In addition, Plaintiff disputed the inaccuracy to Defendants Experian and Trans Union and Defendants Experian and Trans Union failed to correct the inaccuracies.

33.    Under 15 U.S.C. §1681n and 15 U.S.C. §1681o,  Defendants Experian and Trans Union are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

34.    The conduct of Defendants Experian and Trans Union were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are

liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendants Experian and Trans Union based on the following requested relief:

    a.     Actual damages;

    b.     Statutory damages;

    c.     Punitive damages

    d.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

    e.     Such other and further relief as may be necessary, just and proper

### Count II – Violations of the FCRA – Defendant Synchrony Bank

Comes now Plaintiff and for Count II against Defendant Synchrony Bank and states and alleges to the Court:

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.     Upon information and belief, the consumer reporting agencies reported to the Defendant Synchrony Bank, furnisher-subscriber (creditor and collector), that Plaintiff disputed the charge-off, delinquency and false credit reporting.

37.     Despite receipt of the same dispute several times, the Defendant Synchrony Bank, furnisher-subscriber (creditor and collector), failed to respond with truthful

6

information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the consumer reporting agencies, all in violation of the Act.

38.    According to the national consumer reporting agencies' reports, the Defendant, furnisher-subscriber, continued to falsely report about Plaintiff.

39.    Defendant Synchrony Bank, furnisher-subscriber (creditor and collector), have likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

40.    Rather, Defendant Synchrony Bank, furnisher-subscriber (creditor and collector), continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information they reported about the Plaintiff, as described more fully above.

41.    Defendant Synchrony Bank, furnisher-subscriber (creditor and collector), failed to investigate or reinvestigate regarding consumer credit data they reported and repeatedly re-reported about Plaintiff.

42.    Defendant Synchrony Bank, furnisher-subscriber (creditor and collector), failed to review all relevant and pertinent information provided to it by the consumer reporting agencies.

43.    Defendant Synchrony Bank, furnisher-subscriber (creditor and collector), knew or should have known that its reporting and activities would (and will) damage Plaintiff and her ability to enjoy life and utilize the credit rating and reputation property rights her secured by honoring her obligations to all of her creditors.

7

44.     Defendant Synchrony Bank, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the consumer reporting agencies of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

45.     The conduct of Defendant Synchrony Bank was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant is liable to the Plaintiff for the amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendant Synchrony Bank for the following requested relief:

a.     Actual damages;

b.     Statutory damages;

c.     Punitive damages;

d.     Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e.     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Stecklein & Rapp
748 Ann Avenue
Kansas City, KS 66101
Telephone:   (913) 371-0727
Facsimile:
Email:  aj@kcconsumerlawyer.com
           mr@kcconsumerlawyer.com
Attorneys for Plaintiff

9

**CERTIFIED MAIL**

**Stecklein & Rap**
748 Ann Avenue
Kansas City, Kansas 66101

7015 0640 0006 6275 8687

$7.50
US POSTAGE
FIRST-CLASS
062S0009524396
FROM 64111

Trans Union LLC
RA: Prentice-Hall Corporation System Kansas
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614