## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## KANSAS CITY

| | |
|---|---|
| **MARIA VARGAS,** | |
| **Plaintiff,** | **Case No. 17-2588-DDC** |
| **vs.** | |
| **SYNCHRONY BANK, et al.** | |
| **Defendants.** | |

## <u>STIPULATED PROTECTIVE ORDER</u>

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because documents and information have been and may be sought, produced or exhibited by and among the parties to this action which represent, relate to, reflect and/or contain trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendants, as well as financial and account information, personal income, personal identifying information, and credit and collection information related to Plaintiffs.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

1.    **Scope**. All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.    **Definition of Confidential Information**. As used in this Order, "Confidential Information" is defined as information that the producing party, in good faith, designates should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute and/or falls into one of the categories identified below. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

      **(a)**    trade secrets;

      **(b)**    confidential research, development, technology or other proprietary information belonging to the Defendants; and

      **(c)**    financial and account information, personal income, personal identifying information, and credit and collection information related to Plaintiff.

Information or documents that are available to the public may not be designated as Confidential Information.

3.    **Designation of "Confidential – Attorneys' Eyes Only Information".**    If    a party or non-party producing documents in this action (a "Producing Party") believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed

to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4.    **Form and Timing of Designation**. The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY; SUBJECT TO PROTECTIVE ORDER" (hereinafter "the markings") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or Confidential – Attorneys' Eyes Only Information. The markings will be applied prior to or at the time the documents are produced or disclosed. Applying the markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the markings, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Confidential – Attorneys' Eyes Only Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing pro se thereby certifies that the document contains Confidential Information or Confidential – Attorneys' Eyes Only Information as defined in this Order.

5.    **Inadvertent Failure to Designate**. Inadvertent failure to designate any document or material as containing Confidential Information or Confidential – Attorneys' Eyes Only Information will not constitute a waiver of an otherwise valid claim of confidentiality

pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as Confidential Information or Confidential– Attorneys' Eyes Only Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon request from the producing party certify that the designated documents have been maintained as Confidential Information or Confidential – Attorneys' Eyes Only Information.

6.  **Depositions**. All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other Confidential Information. The Parties shall have 21 days from the date a deposition is taken, or 14 days from the date a deposition transcript is received, whichever date is greater, to serve a notice to all parties designating portions as Confidential Information or Confidential – Attorneys' Eyes Only Information as defined in Paragraph 2 or 3. Until such time, all deposition testimony shall be treated as Confidential Information. To the extent any designations are made on the record during the deposition, the designating party need not serve a notice re-designating those portions of the transcript as Confidential Information or Confidential – Attorneys' Eyes Only Information. Any party may challenge any such designation in accordance with Paragraph 9 of this Order.

7.  **Protection of Confidential Material**.

    (a)  **General Protections**. Designated Confidential Information or Confidential – Attorneys' Eyes Only Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

    (b)  **Who May View Designated Confidential Information**. Except with the

prior written consent of the designating party or prior order of the Court, designated Confidential

Information may only be disclosed to the following persons:

(1)  The parties to this litigation, including any employees, agents, and representatives of the parties, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(2)  Counsel for the parties and employees and agents of counsel;

(3)  The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)  Court reporters, recorders, and videographers engaged for depositions;

(5)  Any mediator appointed by the court or jointly selected by the parties;

(6)  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(8)  The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)  Other persons only upon consent of the producing party and on such conditions as the parties may agree. In no case shall information designated "Confidential," or any information contained in, or derived from any such materials, be disclosed to any attorney whose office or firm has not entered an appearance in this lawsuit.

**(c)  Who May View Confidential – Attorneys' Eyes Only Information.**

Except with the prior written consent of the individual or entity designating a document or

portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

    (1)    A party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Attachment A, Acknowledgment and Agreement to be Bound;

    (2)    Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the Attachment A, Acknowledgment and Agreement to be Bound;

    (3)    The Court and its personnel;

    (4)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Attachment A, Acknowledgment and Agreement to be Bound;

    (5)    Any mediator appointed by the court or jointly selected by the parties;

    (6)    The Plaintiff, and

    (7)    The author of the document or the original source of the information.

**(d)      Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information or Confidential – Attorneys' Eyes Only Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

(e)    **Recipients of Confidential Information or Confidential – Attorneys'
Eyes Only Information.** All persons receiving any or all documents produced pursuant to this
Order shall be advised of their confidential nature.

8.    **Filing of Confidential Information**. In the event a party seeks to file any
document containing Confidential Information or Confidential – Attorneys' Eyes Only
Information subject to protection under this Order with the Court, that party must take
appropriate action to insure that the document receives proper protection from public disclosure,
including: (a) filing a redacted document with the consent of the party who designated the
document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary
motions), submitting the document solely for in-camera review; or (c) when the preceding
measures are inadequate, seeking permission to file the document under seal by filing a motion
for leave to file under seal in accordance with Fed. R. Civ. P. 5.2(d) and D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be
filed under seal. The parties understand that the requested documents may be filed under seal
only with the permission of the Court after proper motion. If the motion is granted and the
requesting party is permitted to file the requested documents under seal, only counsel of record
and unrepresented parties will have access to the sealed documents. *Pro hac vice* attorneys must
obtain sealed documents from local counsel.

9.    **Challenges to a Confidential Designation**. The designation of any material or
document as Confidential Information or Confidential – Attorneys' Eyes Only Information is
subject to challenge by any party. Before filing any motion or objection to a confidentiality
designation, the objecting party must meet and confer in good faith to resolve the objection
informally without judicial intervention. A party that elects to challenge a confidentiality

designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information or Confidential – Attorneys' Eyes Only Information under the terms of this Order.

10.    **Use of Confidential Documents or Information at Trial or Hearing**. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Confidential – Attorneys' Eyes Only Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information or Confidential – Attorneys' Eyes Only Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11.    **Obligations on Conclusion of Litigation**.

(a)    **Order Remains in Effect**. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Return of Confidential Documents**. Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information or Confidential – Attorneys' Eyes Only Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent

practicable in lieu of return; (3) materials which in the good faith judgment of counsel are work product materials; (4) the documents are communications from Plaintiff to Defendant; (5) the documents are consumer file disclosures to Plaintiff that were generated by Defendant; or (6) the documents are communications from Defendant to Plaintiff regarding Defendant's reinvestigations.

        **(c)**      **Retention of Work Product**. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information or Confidential – Attorneys' Eyes Only Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information or Confidential – Attorneys' Eyes Only Information.

      **12.**      **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

      **13.**      **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information or Confidential – Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14.     **Persons Bound by Protective Order**. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15.     **Jurisdiction**. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

16.     **Applicability to Parties Later Joined**. If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information or Confidential – Attorneys' Eyes Only Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

17.     **Protections Extended to Third-Party's Confidential Information**. The parties agree to extend the provisions of this Protective Order to Confidential Information or Confidential – Attorneys' Eyes Only Information produced in this case by third parties, if timely requested by the third party.

18.     **Confidential Information or Confidential – Attorneys' Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation**. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Confidential – Attorneys' Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Confidential – Attorneys' Eyes Only Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information or Confidential – Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information or Confidential – Attorneys' Eyes Only Information by the other party to this case.

19. **Interests of Justice.** The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice, in accordance with Paragraph 12 above.

**IT IS SO ORDERED.**


Dated: February 8, 2018                          s/ James P. O'Hara
                                                 James P. O'Hara
                                                 U.S. Magistrate Judge

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated ___

in the case captioned, *Maria Vargas v. Synchrony Bank, NA, et al.,* Case 17-CV-02588 DDC/JPO,

and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The

undersigned submits to the jurisdiction of the United States District Court for the District of

Kansas in matters relating to this Protective Order and understands that the terms of the Protective

Order obligate him/her to use materials designated as Confidential Information in accordance with

the order solely for the purposes of the above-captioned action, and not to disclose any such

Confidential Information to any other person, firm, or concern, except in accordance with the

provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.


Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature: _____